Barnard, P. J
A large part of the testimony given upon the trial was taken in Liverpool by commission. In respect-to some of the interrogatories the answer was not full, and to correct this omission the defendant made a motion to send back the commission for a fuller execution. The motion was denied, and the case was tried before a referee, and judgment was rendered in favor of the plaintiffs.
The defendant appeals from the judgment, and also seeks, on the notice of appeal, to bring up for review the order-denying the motion to send back the commission. This-order is not one which “ necessarily affects the final judgment ” m the sense conveyed by section 1316, Code.
'Whether or not a commission was to be returned for further action was discretionary with the court, and dependent-upon the facts whether or not the omission to answer was material or whether the fact existed. Upon the evidence produced upon the motion before the court, at special term, there was no case made to send back the commission. All material questions were answered, and there had Hen great delay.
The order is not erroneous, even if this appeal brings it-up for review.
Upon the merits the entire evidence is not inserted and returned in the case. .It is stipulated that there is sufficient-evidence to uphold the findings and the refusals to find. The questions presented are, therefore, only questions arising upon the admission and rejection of testimony.
The case shows that the plaintiffs advanced money upon consignments of provisions for the English market. It was claimed that some of the provisions were unfit for use, or, to a greater or lesser degree, damaged upon arrival at Liverpool. The judgment was for the difference between what the property brought and the advancements. The defendant claimed that the consignee was careless and unskillful in the management of the property at Liverpool. It is-upon this part of the case that the evidence was mainly given. °
*77 The exceptions are very numerous, but an examination of them in detail shows no error. Some parts of answers •are excluded as irresponsive. A question as to a fact, the condition of the goods, is fully answered,- and beyond this the witness gives an opinion as to the cause. This was irresponsive and properly excluded. A complete answer is coupled with an opinion that the meat was in the same pickle in which it left New York.
The best answer to the rejection of testimony is contained in the fact that the duties of consignees cannot be established by the opinion of witnesses, who are dealers in the article sold. The law which governed consignments would •depend upon facts. All opinions cannot be given in evidence as that of an expert, when the subject does not re•quire any peculiar habits of study to qualify a man to understand it. Ferguson v. Hubbell, 97 N. Y, 507. Expert witnesses may state what the usage is, and cannot, even in cases where expert evidence is permitted, give an opinion as to the duties of consignees.
Upon the whole case no injustice appears. There was proof given sufficient to support a finding that the beef was bad at its arrival at Liverpool, and that the consignee was guilty of no negligence in its treatment by them.
The judgment should', therefore, be affirmed.